UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOCUS PRODUCTS GROUP INTERNATIONAL, LLC, ZAHNER DESIGN GROUP, LTD., AND HOOKLESS SYSTEMS OF NORTH AMERICA, INC.<br><br>Plaintiffs,<br><br>v.<br><br>KARTRI SALES COMPANY, INC.<br><br>Defendant. | Civil Action No.<br><br>(JURY TRIAL DEMANDED) |

**COMPLAINT**

Plaintiffs Focus Products Group International, LLC ("Focus"), Zahner Design Group, Ltd. ("ZDG"), and Hookless Systems of North America, Inc. ("HSNA") (collectively, "Plaintiffs") by their attorneys, hereby complain of Defendant Kartri Sales Company, Inc. ("Defendant") as follows:

**JURISDICTION AND VENUE**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §101 *et seq*.; for trademark infringement and unfair competition under Section 43 of the Lanham Act, 15 U.S.C. §1125; and for unfair competition under the law of the State of New York. This Court has jurisdiction over the federal claims of this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1338, and 15 U.S.C. §1121, and has jurisdiction over the state claims under 28 U.S.C. §1338(b) and further

pursuant to its supplemental jurisdiction under 28 U.S.C. §1367. The state claims asserted herein are so related to the federal claims as to form part of the same case or controversy.

2.   This action arises from Defendant's use, sale, offer for sale, and/or importing of products, and conduct of activities, that infringe Plaintiffs' patents and trademark.

3.   This Court has personal jurisdiction over Defendant in that Defendant has engaged in acts constituting doing business in the State of New York, including in this judicial district and have intentionally directed their tortious activities toward the State of New York, including this judicial district. Defendant has committed acts of intellectual property infringement in New York, including this judicial district, and has delivered the accused products into the stream of commerce with the expectation that they will be purchased by consumers in the State of New York, including this judicial district. Defendant has sold products, including products that are the subject of this Complaint, to consumers in the State of New York, including this judicial district.

4.   Venue is proper in this Court, pursuant to 28 U.S.C. §§1391(b) - (d) and 28 U.S.C. §1400(b), in that Defendant is a corporation subject to personal jurisdiction within this judicial district and has committed acts of patent infringement in this judicial district.

## THE PARTIES

5. Plaintiff Zahner Design Group, Ltd. is a corporation organized and existing under the laws of the State of New York having a principal place of business at 179 Christopher Street New York, NY 10014. ZDG is the owner of the patents that are the subject of this Complaint.

6. Plaintiff Hookless Systems of North America, Inc. is a corporation organized and existing under the laws of the State of New York having a principal place of business at 179 Christopher Street New York, NY 10014. HSNA is the exclusive licensee of ZDG's intellectual property that is the subject of this Complaint.

7. Plaintiff Focus Products Group International, LLC is a corporation organized and existing under the laws of the State of Illinois having a principal place of business at 300 Knightsbridge Parkway, Suite 500, Lincolnshire, IL 60069. Focus is a licensee of HSNA's intellectual property for shower curtains.

8. Upon information and belief, Defendant Kartri Sales Company, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania having a principal place of business at 100 Delaware Street P.O. Box 126, Forest City, PA 18421. Upon information and belief, Kartri Sales Company, Inc. distributes furniture and other home accessories, including shower curtains, for sale in the United States.

## FACTS

### PLAINTIFFS' PATENTS AND TRADEMARK

9. David Zahner of ZDG is the inventor of new technology and designs, including new inventions relating to shower curtains.

10. Plaintiffs' unique and innovative shower curtains are well known throughout the United States and foreign countries as a result of the popular products that Plaintiffs have designed, introduced, and commercialized in interstate and international commerce.

11. On December 17, 2002, United States Patent No. 6,494,248 entitled "Suspended Materials Having External Slits" was duly and lawfully issued to ZDG for Mr. Zahner's inventions by the United States Patent and Trademark Office (hereafter "the '248 patent"). A copy of the '248 patent is attached as Exhibit 1 hereto.

12. On November 20, 2007, United States Patent No. 7,296,609 entitled "Hanging Products" was duly and lawfully issued to ZDG for Mr. Zahner's inventions by the United States Patent and Trademark Office (hereafter "the '609 patent"). A copy of the '609 patent is attached as Exhibit 2 hereto.

13. On August 7, 2012, United States Patent No. 8,235,088 entitled "Hanging Products" was duly and lawfully issued to ZDG for Mr. Zahner's

4

inventions by the United States Patent and Trademark Office (hereafter "the '088 patent").  A copy of the '088 patent is attached as Exhibit 3 hereto.

14. Plaintiffs have used their patents and trademark on a wide variety of curtains sold in interstate commerce, and have generated millions of dollars in revenue from the sale of goods using their patented technology.

15. Plaintiffs have invested significant time, funds, and effort into their products.

16. As a result of Plaintiffs' efforts and promotional, advertising, and marketing activities, Plaintiffs' product designs and trademarks have become widely known throughout the United States and worldwide.

17. Plaintiffs' intellectual property including their trademark, and their associated goodwill directed to their shower curtains are all valuable assets of Plaintiffs.

### DEFENDANT'S INFRINGEMENT OF PLAINTIFFS' PATENTS AND TRADEMARK

18. During the term of the Plaintiffs' patent, Defendant has manufactured, offered for sale, sold, used, and/or imported products embodying the patented design of the '248 patent, and engaged in activities infringing the same.

19. During the term of the Plaintiffs' patent, Defendant has manufactured, offered for sale, sold, used, and/or imported products

embodying the patented design of the '609 patent, and engaged in activities infringing the same.

20. During the term of the Plaintiffs' patent, Defendant has manufactured, offered for sale, sold, used, and/or imported products embodying the patented design of the '088 patent, and engaged in activities infringing the same.

21. In addition to its acts of patent infringement, Defendant uses the mark "Ezy-hang" on its products, as further infringement of Plaintiffs' EZ-ON trademark. Defendant does so to further confuse and mislead consumers into believing that its goods originate from, are sponsored by, or are affiliated with Plaintiffs.

22. Defendant's products that infringe Plaintiffs' patent and trademark rights include, but are not limited to, Defendant's "Ezy-Hang" shower curtains.

23. A sample of Defendant's infringing product is attached as Exhibit 4 hereto.

24. Defendant's bad faith activities have caused and will continue to cause a likelihood of deception and confusion in the marketplace among consumers, and extensive damage to Plaintiffs and their business, goodwill and reputation.

25.    Defendant has illegally profited from its infringement of Plaintiffs' patented design and trademark.

26.    Defendant's acts have been without license or authority of Plaintiffs.

## WILLFUL INFRINGEMENT

27.    Defendant's activities have been deliberate and willful.

28.    Defendant is aware of Plaintiffs' designs, and has deliberately chosen to use, sell, and offer for sale, products intended to copy or imitate those designs.

29.    Defendant is also aware of the EZ-ON trademark, and has deliberately chosen to offer for sale and sell products with a highly similar mark intended to cause confusion with Plaintiffs' mark.

30.    Defendant's actions have caused and are causing irreparable damage to Plaintiffs.

31.    Plaintiffs have been damaged by Defendant's bad faith activities and will continue to be damaged unless Defendant is restrained and enjoined by this Court.

32.    Plaintiffs have no adequate remedy at law.

33.    Plaintiffs have been damaged by Defendant's illegal actions in an amount to be determined by a jury and this Court, including recovery and

relief for Plaintiffs' lost sales, lost profits, and damage to their reputation and good will, and/or a disgorgement of Defendants' revenues and profits.

## COUNT I
## PATENT INFRINGEMENT:
## (35 U.S.C. §101 *et seq.*)

34. Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

35. This claim arises under 35 U.S.C. §101 *et seq*.

36. This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1331.

37. Defendant's acts constitute infringement of the '248 patent, under 35 U.S.C. §271.

38. Defendant's acts constitute infringement of the '609 patent, under 35 U.S.C. §271.

39. Defendant's acts constitute infringement of the '088 patent, under 35 U.S.C. §271.

40. Upon information and belief, Defendant's acts of infringement were and are willful and deliberate.

41. Defendant has profited from their infringing activities.

42. As a result of Defendant's conduct, Plaintiffs have been substantially harmed, and have suffered actual damages, including lost

8

profits, and have been forced to retain legal counsel and pay costs of court to bring this action.

## COUNT II
## LANHAM ACT TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION:
## (15.S.C. §1125(a))

43. Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

44. This claim arises under the Lanham Act, 15 U.S.C. §1051 *et seq*.

45. This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1331.

46. Defendants are intentionally using trademarks, such as Ezy-Hang, which is confusingly similar to Plaintiffs' trademark EZ-ON directed to shower curtain products in a manner that has caused and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's goods by Plaintiffs.

47. Defendant's activities, in selling and offering for sale products with a mark which is confusingly similar to Plaintiffs' trademark, constitute unfair competition, false designation of origin, and false description and representations, and false advertising, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

48. Defendant's acts of infringement were and are willful and deliberate.

49. Defendant has profited from their illegal and bad faith activities.

50. Plaintiffs have suffered, and continue to suffer, substantial 'damages as a result of Defendant's bad faith activities, in an amount to be determined by the jury and this Court.

## COUNT III
## UNFAIR COMPETITION UNDER NEW YORK LAW:

51. Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

52. This claim arises under the common law of the State of New York.

53. This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1367.

54. Plaintiffs have created their designs, and promoted their products, through extensive time, labor, skill and money.

55. Defendant has misappropriated the results of that labor and skill and those expenditures of Plaintiffs.

56. Defendant has used designs that are confusingly similar to Plaintiffs' in competition with Plaintiffs, gaining an unfair advantage,

because Defendant bore little or no burden of expense of development and promotion of those goods.

57. By knowingly using a confusingly similar product trademark to compete against Plaintiffs' goods, Defendant has also misappropriated a commercial advantage belonging to Plaintiffs.

58. Defendant has also engaged in bad faith misappropriation of the labors of Plaintiffs which is likely to cause confusion, and to deceive purchasers as to the origin of the goods.

59. Defendant's actions have caused significant commercial damage to Plaintiffs.

60. Defendants' conduct is illegal and actionable under the common law of unfair competition of the State of New York.

61. Plaintiffs have been injured by Defendant's illegal actions and are entitled to the remedies provided under New York law.

## DAMAGES

62. Plaintiffs are being irreparably harmed by Defendant's infringing activities, and have no adequate remedy at law.

63. Plaintiffs have been extensively damaged by Defendant's intellectual property infringement in an amount to be determined by a jury and this Court.

64. Plaintiffs seek damages as a result of Defendant's infringement which include, but are not limited to: Plaintiffs' lost sales, lost profits and damage to their reputation and good will; and/or disgorgement of Defendant's revenues and profits; from Defendant's sales of infringing products, associated parts thereof, and from convoyed sales.

65. Plaintiffs request that this honorable Court assess enhanced damages against Defendant in the fullest amount permissible by law, including, but not limited to, treble damages under federal law and punitive damages under New York law, in view of the willful, egregious, malicious, and extensive nature of Defendant's bad faith activities complained of herein, and in view of the numerous violations, the willful nature of the violations, and the significant damage to Plaintiffs, as set forth above.

## JURY TRIAL DEMAND

66. Pursuant to Rule 38, Fed. R. Civ. P. Plaintiffs hereby demand a trial by jury on all issues set forth herein that are properly triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court, upon final hearing of this matter, grant the following relief against Defendant:

A.  That Defendant be adjudged to have engaged in patent infringement of Plaintiffs' rights under United States Patent No. 6,494,248 ("the '248 patent"), under 35 U.S.C. §101 *et seq.*;

B. That Defendant be adjudged to have engaged in patent infringement of Plaintiffs' rights under United States Patent No. 7,296,609 ("the '609 patent"), under 35 U.S.C. §101 *et seq.*;

C. That Defendant be adjudged to have engaged in patent infringement of Plaintiffs' rights under United States Patent No. 8,235,088 ("the '088 patent"), under 35 U.S.C. §101 *et seq.*;

D. That Defendant be adjudged to have engaged in federal unfair competition and trademark infringement under Section 43 of the Lanham Act, 15 U.S.C. §1125 and unfair competition and trademark infringement under the common law and statutory law of the State of New York.

E. That the '248 patent, is duly and legally issued by the U.S. Patent Office, and is valid and enforceable;

F. That the '609 patent, is duly and legally issued by the U.S. Patent Office, and is valid and enforceable;

G. That the '088 patent, is duly and legally issued by the U.S. Patent Office, and is valid and enforceable;

H. That each of Defendant, its officers, agents, servants, employees, representatives, distributors and all persons in concert or participation with Defendant be enjoined pursuant to 35 U.S.C. §283 from engaging in any activities which infringe Plaintiffs'

rights in the patent under 35 U.S.C. §271;

I. That each of Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with them be enjoined pursuant to 35 U.S.C. §283 from making, using, importing, exporting, offering for sale and selling any products and activities which directly infringe the patent under 35 U.S.C. §271;

J. That each of Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from offering for sale, selling or marketing merchandise that tends in any way to deceive, mislead or confuse the public into believing that Defendant's merchandise in any way originates with, is sanctioned by, or is affiliated with Plaintiffs;

K. That each of Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from otherwise competing unfairly with Plaintiffs;

L. That each of Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently

        enjoined from engaging in further acts of misrepresentation regarding Plaintiffs and Plaintiffs' products;

M.   That each of Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from engaging in further deceptive and unfair business practices with respect to Plaintiffs;

N.   That each of Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from engaging in further acts infringing Plaintiffs' rights under New York law;

O.   That Defendant be directed to file with this Court and serve on Plaintiffs within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which the Defendant has complied with the injunction;

P.   That Defendant be required to account for and pay over to Plaintiffs any and all revenues and profits derived by them and all damages sustained by Plaintiffs by reason of the acts complained of in this Complaint, including an assessment of

interest on the damages so computed, and that the damages be trebled pursuant Section 35 of the Lanham Act, 15 U.S.C. §1117, as well as 35 U.S.C. §§284, and all further applicable law;

Q. That Defendant be required to account for and pay over to Plaintiffs such actual damages as Plaintiffs have sustained as a consequence of Defendant's infringement, and that the damages relating to patent infringement be trebled pursuant to 35 U.S.C. §284, and to account for and pay to Plaintiffs all of Defendant's gains, revenues, profits and advantages attributable to or derived by Defendant's infringement.

R. That each such award of damages be enhanced to the maximum available for each infringement in view of each of Defendant's willful infringement of Plaintiffs' rights;

S. That Defendant be required to deliver up for impoundment during the pendency of this action, and for destruction thereafter, all copies of the infringing materials in its possession or under its control and all materials, including molds and master models, used for making same;

T. That Plaintiffs be awarded punitive or exemplary damages under New York law because of the egregious, malicious, and tortious conduct of Defendant complained of herein;

U.    That Plaintiffs recover the costs of this action including their expenses and reasonable attorney's fees pursuant to 15 U.S.C. §1117, 35 U.S.C. §285 and all further applicable law, because of the deliberate and willful nature of the infringing activities of Defendant sought to be enjoined hereby, which make this an exceptional case warranting such award;

V.    That Plaintiffs be awarded pre-judgment and post-judgment interest;

W.    That Plaintiffs obtain all further relief permitted under the laws of the United States and the State of New York; and,

X.    That Plaintiffs obtain all such other and further relief as the Court may deem just and equitable.

Dated: June 30, 2015                         */s/ Morris E. Cohen*

                                             Morris E. Cohen (MC-4620)
                                             Limor Wigder (LW-1986)
                                             GOLDBERG COHEN LLP
                                             1350 Avenue of the Americas, 3rd Floor
                                             New York, New York 10019
                                             (646) 380-2463 (phone)
                                             (646) 514-2123 (fax)
                                             MCohen@GoldbergCohen.com
                                             LWigder@GoldbergCohen.com