UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FOCUS PRODUCTS GROUP INTERNATIONAL, LLC,
ZAHNER DESIGN GROUP LTD., HOOKLESS
SYSTEMS OF NORTH AMERICA, INC., SURE FIT
HOME PRODUCTS, LLC, SURE FITE HOME DÉCOR
HOLDINGS CORP., and SF HOME DÉCOR, LLC,

         Plaintiffs,

-v-

KARTRI SALES COMPANY, INC., and MARQUIS
MILLS, INTERNATIONAL, INC.,

         Defendants.

15 Civ. 10154 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

  On December 30, 2015, plaintiffs filed the original complaint in this action. Dkt. 1. Over the course of the next year, three amended complaints were filed, as well as counterclaims and motions to dismiss. On July 14, 2016, the Court denied the motions to dismiss in a bench decision. Dkt. 63. On September 29, 2017, following the close of fact discovery, plaintiffs submitted the Fourth Amended Complaint, Dkt. 148, which is the operative complaint in this litigation, and to which the defendants filed answers. On October 12, 2017, defendant Kartri Sales Company, Inc. ("Kartri") filed a new motion to dismiss on the basis of improper venue. Dkt. 149. On November 22, 2017, the Court issued an order denying the motion. Dkt. 164. On July 26, 2018, the Court held a *Markman* hearing, and issued its ruling on August 9, 2018. Dkts. 193, 198. In 2019 the parties filed cross-motions for summary judgment, which the Court ruled upon in April 2020. Dkts. 243, 253, 273, 297. Both parties then moved for

reconsideration, and the Court issued two opinions ruling on those motions in May 2020 and January 2021.  Dkts. 302, 312.

On January 4, 2021, the Court set a schedule for pretrial submissions.  Dkt. 312.  The parties jointly requested three extensions, Dkts. 314, 317, 319, which the Court granted.  On March 12, 2021, the Court set a briefing schedule for motions *in limine*, under which opening motions were due by April 15, 2021.  Dkt. 320.  On April 15, 2021, plaintiffs filed five motions *in limine*.  Dkts. 324–28.  Kartri filed 12 motions *in limine*.  Dkts. 330–337, 339, 341, 343, 344.  Defendant Marquis Mills, International, Inc. ("Marquis") filed three motions *in limine*. Dkts. 338, 340, 342.  On May 3, 2021, the parties jointly requested an extension until May 21 to respond to the opposing parties' motions *in limine*, which the Court granted.  Dkt. 357.

On May 5, 2021, defendants requested leave to file a motion to dismiss all patent causes of action based on a lack of standing under Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, for leave to supplement its motions in limine.  Dkt. 359.  As to their proposed motion to dismiss, defendants argue that plaintiff Zahner Design Group, LTD ("Zahner") was "nunc pro tunc assigned all patent rights in this litigation" on March 16, 2018, whereas this lawsuit had been initiated in 2015.  Defendants argue that Zahner's lack of patent rights at the outset of this case meant that it lacked standing to sue, and that the assignment of those rights after the filing of a lawsuit did not remedy plaintiffs' asserted lack of standing at the time of the filing of the lawsuit.  As to the defendants' alternative request for leave to supplement their motions *in limine*, if the defendants cannot move to dismiss the entire case based on their standing theory, the defendants seek to move to limit plaintiffs' damages—on the same theory—to sales on or after Zahner's assignment of the patent rights on March 16, 2018.  The Court directed plaintiffs

to file a letter in response. Dkt. 361. In their response, plaintiffs set out 10 distinct reasons why the Court should not grant the defendants the leave they seek. Dkt. 362 ("Pl. Response").

The Court appreciates the thoroughness of plaintiffs' response—and finds persuasive many of the cited reasons to deny defendants' application for leave to file a new motion to dismiss and to supplement their motions *in limine*. For present purposes, the Court need rely only on the following.

First, insofar as the defense proposes to file a motion to dismiss based on an asserted lack of standing, the standing issue to which defendants refer, contrary to defendants' suggestion, does *not* implicate the Court's subject-matter jurisdiction. It implicates instead a matter of statutory standing, an affirmative defense. *See Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019) (explaining that patent infringement claims that present "'statutory standing' defects do not implicate a court's subject-matter jurisdiction"). "[W]hether a party possesses all substantial rights in a patent does not implicate standing or subject-matter jurisdiction." *Id.* at 1235–36 (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014)); *see Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1071 (Fed. Cir. 2020) ("[W]hether one qualifies as a patentee under 35 U.S.C. § 281 is a statutory prerequisite to the right to relief in a patent infringement action, but does not implicate the district court's subject matter jurisdiction. . . . As long as a plaintiff alleges facts that support an arguable case or controversy under the Patent Act, the court has both the statutory and constitutional authority to adjudicate the matter."); *see also In re Beacon Assocs. Litig.*, No. 09 Civ. 777 (LBS), 2011 WL 3586129, at *2 (S.D.N.Y. Aug. 11, 2011) (describing "statutory standing" as an "affirmative defense[]").

Analyzed as a matter of prudential standing, defendants have clearly waived this defense. "[C]hallenges to standing must be raised in a party's answer or pre-answer motion to dismiss." *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 169 (S.D.N.Y. 2015). "[A]n assertion of a party's incapacity to sue 'should fall within the class of "threshold defenses"—issues that must be raised and disposed of at the outset of the suit.'" *Allan Applestein TTEE FBO D.C.A. v. Province of Buenos Aires*, 415 F.3d 242, 245 (2d Cir. 2005) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1295 (3d ed. 2004)). And where the defendant does "not raise the argument" that the plaintiff "lack[ed] standing to sue . . . anywhere in its answer," it is waived. *Id.*

That is emphatically the case here. For the first five years of this litigation, despite numerous opportunities to assert this defense, defendants failed to do so. Defendants also failed for years to pursue the subsidiary defense that plaintiffs' asserted damages were limited by the date of the assignment to Zahner. Defendants instead first raised these issues on the brink of trial, and indeed, after the submission of pretrial motions *in limine*. These defenses thus went unmentioned in Kartri's February 2016 motion to dismiss the initial Complaint, Dkt. 15, in both defendants' March 2016 motions to dismiss the First Amended Complaint, Dkts. 27 (Kartri), 35 (Marquis), in Marquis's May 2016 motion to dismiss the Second Amended Complaint, Dkt. 55, in both defendants' respective July 2016 answers and counterclaims to the Third Amended Complaint, Dkts. 69 (Kartri), 70 (Marquis), and in their October 2017 answers and counterclaims to the Fourth Amended Complaint, Dkts. 150 (Kartri), 152 (Marquis). This persistent and unexcused lapse works a forfeiture of these defenses. *See Foster v. Lee*, 93 F. Supp. 3d 223, 229 (S.D.N.Y. 2015) ("Failure to plead an affirmative defense ordinarily results in forfeiture of that defense."); *Wood v. Milyard*, 566 U.S. 463, 470 (2012) ("An affirmative defense, once forfeited,

is excluded from the case." (cleaned up)); Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]"); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1278 (3d ed. 2004) ("It is a frequently stated proposition of virtually universal acceptance by the federal courts that a failure to plead an affirmative defense as required by Federal Rule 8(c) results in the waiver of that defense and its exclusion from the case.").

Second, defendants had three years after the patent assignment was publicly recorded on March 16, 2018, Dkt. 359-1, to raise defenses based on it. In the meantime, litigation proceeded forward, framed by the claims and defenses that had been pled. Discovery closed on December 31, 2018, Dkt. 213, and summary judgment briefing—which included extensive briefing by defendants—was completed in 2019, without the benefit of defendants' having surfaced this issue. The parties' Joint Pretrial Order was due, and filed, on April 15, 2021, Dkt. 323; the Court's Individual Rules obligated the defendants to disclose any defenses in that order. *See* Judge Paul A. Engelmayer's Individual Rules and Practices in Civil Cases, Rule 5(A) (Joint Pretrial Order must include a "brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies. Such summaries shall also identify all claims and defenses previously asserted which are not to be tried."). Yet defendants again stayed mum.

Defendants have utterly failed to explain their abject failure to raise these defenses years ago, and their delay in doing so until the 11th hour in this litigation. The Court therefore holds that the defense has forfeited these defenses, and denies defendants leave to file an additional motion to dismiss or motion *in limine* at this stage of the case. *See FDIC v. Murex LLC*, No. 16 Civ. 7703 (PAE), 2020 WL 6646159, at *11 (S.D.N.Y. Nov. 12, 2020) (finding defense

5

of "contractual standing" waived where it was not promptly raised); *FDIC v. Horn*, No. 12 Civ. 5958 (DRH) (AKT), 2015 WL 1611995, at *9 (E.D.N.Y. Apr. 8, 2015) ("[W]here a party seeks to raise a 'standing' defense that, at its essence, challenges the plaintiff's lack of capacity to sue, that defense may be 'waived' if not asserted in a responsive pleading."); *Canzoneri v. Inc. Vill. of Rockville Ctr.*, 986 F. Supp. 2d 194, 200 (E.D.N.Y. 2013) (finding "[d]efendants waived the right to assert lack of standing at this stage in the litigation, after failing to raise lack of standing as an affirmative defense in their original answer").

The Court has the parties' motions *in limine* under review and plans to resolve them in short order.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: May 14, 2021
New York, New York